J-S51003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH HARTNETT | |
| Appellant | No. 2440 EDA 2015 |

Appeal from the Judgment of Sentence November 22, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012575-2010

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 22, 2016**

Appellant, Kenneth Hartnett, appeals *nunc pro tunc* from the judgment of sentence imposed in the Philadelphia County Court of Common Pleas, following his guilty plea to aggravated assault, rape, and involuntary deviate sexual intercourse ("IDSI").[1]  We affirm.

The trial court set forth the relevant facts and procedural history as follows:

> On July 17, 2010, at about 6:00 A.M., 28-year-old [Victim] was walking alone in the Kensington neighborhood of Philadelphia.  She was approached by [Appellant], whom she had never met before, and after a conversation, [Appellant] led her through a hole in a fence to a secluded area.

---

[1] 18 Pa.C.S.A. §§ 2702, 3121, and 3123, respectively.

---

*Retired Senior Judge assigned to the Superior Court.

As soon as [Victim] emerged from the hole in the fence, [Appellant] struck her on the head, rendering [Victim] unconscious with one blow. While [Victim] was unconscious, [Appellant] raped her. At some point, [Victim] began to regain consciousness; she had time to notice that her pants were off and there was blood all over her face, but as soon a[s] [Appellant] noticed her waking up, he smashed her head onto the pavement. [Victim] begged for mercy and told [Appellant] that she had a child; [Appellant] responded that nobody would miss her if she died.

At some point during this [incident], a passerby, who for some reason had also crawled through the hole in the fence, saw [Appellant] attacking [Victim] and began to scream at him. Covered in [Victim's] blood, [Appellant] fled. [Victim], also covered in blood, managed to find a bicyclist, who chased [Appellant] down and contain[ed] him until police arrived.

[Appellant] was arrested that day, and forensic analysis confirmed that the semen found in [Victim's] vagina belonged to [Appellant]. [Victim] was also able to identify [Appellant] during a line-up on September 13, 2010.

As a result of [Appellant] smashing her head into the concrete ground, [Victim's] skull was compressed into her brain. [Victim's] head is permanently misshapen. She is unable to turn her head in a normal fashion and [s]he suffers from severe memory loss, and as a result cannot be left alone or allowed to take care of her young daughter; if she even tries to prepare her own food, she will forget there is food on the stove or in the microwave and leave it there to burn. [Victim] also suffers from nightmares relating to the attack.

[Victim's] mother and other family members must now care both for [Victim's] six-year-old daughter and [Victim] herself. [Victim] cannot drive, have a job, or even help her daughter with first-grade-level homework.

(Trial Court Opinion, filed December 18, 2012, at 1-2).

On August 22, 2011, Appellant entered an open guilty plea to aggravated assault, rape, and IDSI. On November 22, 2011, the court sentenced Appellant to concurrent terms of 6½—13 years' incarceration for rape and IDSI. Additionally, the court imposed a consecutive term of 10—20 years' incarceration for aggravated assault. Appellant's aggregate sentence was 16½—33 years' incarceration. On December 2, 2011, Appellant timely filed a post-sentence motion, which the trial court denied on December 6, 2011. On December 22, 2011, Appellant timely filed a notice of appeal. This Court dismissed the appeal, for failure to file a brief, on March 6, 2013.

On June 6, 2013, Appellant timely filed a PCRA petition. The PCRA court granted relief on August 7, 2015, by reinstating Appellant's appeal rights *nunc pro tunc.* On August 13, 2015, Appellant timely filed a notice of appeal *nunc pro tunc*. The court ordered Appellant on December 23, 2015, to file a Rule 1925(b) statement, and Appellant timely complied.

Appellant raises one issue on appeal:

> WHETHER APPELLANT'S SENTENCE WAS UNDULY HARSH
> AND UNREASONABLE.

(Appellant's Brief at 8).

Appellant argues the court imposed an unduly harsh and unreasonable sentence because the court gave short shrift to mitigating factors presented in his case. Specifically, Appellant contends the court failed to consider Appellant's childhood circumstances, criminal background, character, remorse, and general rehabilitative needs. Appellant asserts he should have

received some mitigation of his sentence, instead of an aggravation of his sentence, because his prior offense score was zero. Additionally, Appellant argues a post-sentence hearing was necessary to present additional facts pertaining to Appellant's harsh childhood circumstances by way of character testimony. Appellant concludes the sentence was manifestly excessive. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge

to the exercise of this discretion ordinarily does not raise a substantial question.'" **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011) (quoting **Commonwealth v. Pass**, 914 A.2d 442, 446-47 (Pa.Super. 2006)). "An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545. **Cf. Commonwealth v. Felmlee**, 828 A.2d 1105 (Pa.Super. 2003) (*en banc*) (stating claim that court imposed sentence in **aggravated** range without considering mitigating circumstances constitutes substantial question as to discretionary aspects of sentencing).

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)). The trial court has discretion in determining whether a hearing is required on the post-sentence motions. Pa.R.Crim.P. 720(B)(2)(b).

In the instant case, Appellant properly preserved a challenge to the discretionary aspects of sentencing in his post-sentence motion, his Rule 1925(b) statement, and his Rule 2119(f) statement. To the extent Appellant poses a generic claim that the court failed to consider mitigating circumstances, the claim does not raise a substantial question as to the discretionary aspects of sentencing. *See Cruz-Centeno, supra*. Nevertheless, where Appellant claims the court sentenced him in the aggravated range without considering mitigating circumstances, Appellant appears to raise a substantial question as to the discretionary aspects of his sentence. *See Felmlee, supra*.

As an initial matter, the minimum sentences imposed for IDSI and rape fell in the aggravated range of the sentencing guidelines; the minimum sentence for aggravated assault actually exceeded the aggravated range of the sentencing guidelines. Nevertheless, none of the sentences breached the respective statutory maximums for the offenses at issue.[2]

In Appellant's post sentence motion he requested modification of his overall sentence, based on his remorse and his harsh childhood circumstances. On appeal, Appellant adds he should have received some mitigation of his sentences, instead of an aggravation of his sentences,

---

[2] Each of the three offenses was graded as a first degree felony, with a statutory maximum sentence of 20 years. *See generally* 18 Pa.C.S.A. § 1103(1).

because his prior offense score was zero. Appellant's post-sentence motion, however, failed to raise any issue implicating his prior record score, so that aspect of his claim is waived.

Moreover, at sentencing, the court announced numerous factors to support a departure from the guidelines, including the exceptionally cruel nature of the crimes and the extensive and permanent brain damage to Victim, which has caused her severe memory loss and left her unable to care for her daughter or maintain employment. The court also considered the harsh circumstances of Appellant's childhood and his expression of remorse. The court stated the imposition of the statutory maximum sentence for aggravated assault was reasonable and necessary, given the nature and circumstances of the crime. Appellant's post-sentence motion failed to raise any issues, which went unaddressed at the sentencing hearing. Further, the court had the benefit of a PSI report and mental health evaluation, which contained Appellant's childhood circumstances. Thus, we can presume the court considered these as relevant mitigating sentencing factors. **See Commonwealth v. Tirado**, 870 A.2d 362 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law assumes court was aware of and weighed relevant information regarding mitigating factors). Also, the PSI report included information Appellant sought to introduce through additional character testimony at a subsequent hearing; therefore, a hearing on Appellant's post-sentence motion was unnecessary. Thus, Appellant is not

entitled to relief as to the discretionary aspects of sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016